# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN T. KEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1409 SPM |
| | ) | |
| ST. LOUIS COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## Discussion

Plaintiff, a resident at the Fulton State Hospital, brings this action pursuant to 42 U.S.C. § 1983 against St. Louis County. For his "Statement of Claim," plaintiff merely states, "I will [sic] like to tell my story."

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the complaint lacks any allegations against St. Louis County, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, the complaint is identical to one plaintiff filed on August 26, 2015, which the Court summarily dismissed. *Keel v. St. Louis County*, 4:15CV1325 SPM (ED. Mo.). Therefore, it is barred by res judicata as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 15th day of September, 2015.

                                          HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE